<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| SHENZHEN JISU TECHNOLOGY CO., LTD. <br><br> Plaintiff, <br> v. <br><br> SHENZHEN FOSALA TECHNOLOGY CO., LTD. *et al.* <br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 1:25-cv-16605 (KMW-MJS) <br><br> **MEMORANDUM ORDER AND OPINION** |

**THIS MATTER** comes before the Court on Plaintiff Shenzhen Jisu Technology Co., LTD's ("Plaintiff") Motion for Preliminary Injunction. (ECF No. 7). Defendants have collectively opposed (ECF No. 11) to which Plaintiff replied (ECF No. 28). Defendants filed a Sur-Reply (ECF No. 30) and Plaintiff filed a Sur-Sur-Reply (ECF No. 33). Defendants Xuefeng Song ("Song"), Shenzhenshiyiquanmaoyiyouxiangongs, Shenzhen Maijindian Technology ("SMT"), and Youyu (collectively "moving Defendants") have filed Motions to Dismiss the Amended Complaint (ECF Nos. 60, 61, 62, & 63). Plaintiff opposed the motions to dismiss (ECF No. 72), to which Defendants collectively replied (ECF No. 78). The Court has scheduled oral argument to be heard on June 24, 2026, at 11:00 am, and has considered the papers; and

**WHEREAS**, a court must resolve a pending challenge to personal jurisdiction before it can reach the merits of a dispute. *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999) ("preliminary matters such as...personal jurisdiction...should be raised and disposed of before the court considers the merits or quasi-merits of a controversy.") (quoting *Wyrough & Loser, Inc. v. Pelmor Labs., Inc.*, 376 F.2d 543, 547 (3d Cir.1967)); *Dollar Sav. Bank v. First Sec.*

1

*Bank of Utah, N.A.*, 746 F.2d 208, 215 (3d Cir. 1984); *Zangara v. Nat'l Bd. of Med. Examiners*, No. CV 22-1559, 2023 WL 2868223, at *4 (D.N.J. Apr. 6, 2023); and

**THE COURT NOTES** that while the plaintiff bears the burden of establishing personal jurisdiction, the Court should assist the plaintiff in that burden by permitting jurisdictional discovery as long as the plaintiff's claim as to the basis for personal jurisdiction is not "clearly frivolous." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009) (citing *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir.1983)). Thus, jurisdictional discovery should ordinarily be permitted where the plaintiff presents factual allegations suggesting "with reasonable particularity" the possible existence of the requisite contacts. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003). (citing *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992)). Further, "jurisdictional discovery has been found particularly appropriate where the defendant is a corporation." *Veolia Water Cont. Operations USA, Inc. v. O'Brien*, No. 24-CV-10180 (JXN)(AME), 2025 WL 2753502, at *9 n. 7 (D.N.J. Sept. 26, 2025) (citing *Compagnie Des Bauxites*, 723 F.2d at 362). When reviewing a motion to dismiss under Rule 12(b)(2), the court must "accept all of plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) (quoting *Carteret*, 954 F.2d at 142 n. 1); and

**WHEREAS,** the moving Defendants have filed a motion to dismiss the Amended Complaint pursuant to Rule 12(b)(2), arguing that this Court lacks personal jurisdiction over them. Plaintiff argues that the Amended Complaint sets forth sufficient allegations to warrant jurisdictional discovery because its claim as to personal jurisdiction is not "clearly frivolous." (Pl.'s Opp. at p. 8).

2

A federal court may only assert personal jurisdiction over a nonresident to the extent authorized by state law. *Vectra Visual, Inc. v. Hoving*, No. 21-CV-03296, 2021 WL 4520339, at *3 (D.N.J. Oct. 4, 2021); *see also Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016). New Jersey's long arm statute extends the state's jurisdiction to the degree that is permitted by the Due Process Clause of the Fourteenth Amendment. *Id.* Under the Due Process Clause, personal jurisdiction requires both sufficient minimum contacts between the defendant and the forum, and that jurisdiction over the defendant comports with "traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Personal jurisdiction may be established through either general jurisdiction or specific jurisdiction.

General jurisdiction grants the court authority over a defendant even when the cause of action does not arise from activities or dealings within the state. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). In this context, jurisdiction is established when the defendant's "affiliations with the state are so 'continuous and systematic' as to render them essentially at home in the forum state." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). For a corporation, general jurisdiction is ordinarily limited to the state of incorporation and the state where the defendant corporation operates its principal place of business. *Display Works,* 182 F. Supp. 3d at 173 (D.N.J. 2016) (citing *Daimler* 571 U.S. at 136).

A court may exercise specific jurisdiction when the defendant has "purposefully directed [their] activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King*, 471 U.S. at 472. Courts apply a three-part test to determine whether a nonresident defendant is subject to specific jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). The court assesses whether 1) the defendant "purposefully directed" its activities at the forum, 2) the litigation arises out of or relates to one of

3

those activities, and 3) the exercise of jurisdiction "comports with fair play and substantial justice." *Id.*

A defendant has purposefully directed its activities at the forum when it deliberately reaches into the forum to target its residents. *Id.* (finding that mailing brochures and exchanging phone calls in an effort to form an agreement constituted the defendant "deliberately reaching into" the forum to "target two of its citizens."). Once purposeful contacts have been established, the court must determine whether "the plaintiff's claims 'arise out of or relate to' at least one of those contacts." *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). This is a fact-specific inquiry whereby the court must "hew closely to the reciprocity principle upon which specific jurisdiction exists." *O'Connor*, 496 F.3d at 323. ("With each purposeful contact by an out-of-state resident, the forum state's laws will extend certain benefits and impose certain obligations…The relatedness requirement's function is to maintain balance in this reciprocal exchange. In order to do so, it must keep the jurisdictional exposure that results from a contact closely tailored to the contact's accompanying substantive obligations.") (cleaned up); and

**WHEREAS**, Plaintiff alleges that Defendant SMT manufactures the accused products and that the "FoSala Defendants"[1] work together to sell those products through online marketplaces. (Am. Compl. ¶ 9.) Plaintiff further alleges that Defendant SMT manufactures and sells the accused products, knows that the accused products are sold in the United States, and knows that the accused products are sold to customers in New Jersey. (*Id.* ¶ 13.) The Amended Complaint also identifies Defendant SMT as the manufacturer of the accused M5, R5, S10, S9, and M15 neck fan products that are allegedly sold online by the "FoSala Defendants." (*Id.* ¶ 24.)

---

[1] The Amended Complaint lists twelve (12) Defendants which it refers to as the "FoSala Defendants." (Am. Compl. at ¶ 3). For ease of reference, the Court will also refer to this group of Defendants as the "FoSala Defendants."

4

While these allegations do not conclusively establish that Defendant SMT purposefully directed activities toward New Jersey or that it is otherwise subject to personal jurisdiction in this forum, Plaintiff need not prove jurisdiction definitively at this stage. Instead, Plaintiff must only put forth factual allegations that present a *prima facie* case suggesting "with reasonable particularity" the *possibility* that sufficient minimum contacts exist to warrant jurisdictional discovery. *Toys "R" Us*, 318 F.3d at 456.

Construing the allegations in Plaintiff's favor, the allegations suggest with reasonable particularity the possibility that discovery may reveal facts concerning Defendant SMT's role in the manufacture, distribution, shipment, and sale of the accused products into New Jersey, including the nature of Defendant SMT's relationships with the "FoSala Defendants" and its knowledge of the ultimate destination of the accused products. Whether Defendant SMT merely manufactures the products or plays a more active role in directing, facilitating, or controlling their distribution into New Jersey is precisely the type of issue appropriately explored through jurisdictional discovery. Accordingly, Plaintiff's jurisdictional theory is not "clearly frivolous," and Plaintiff has made the requisite showing to obtain jurisdictional discovery as to Defendant SMT; and

**WHEREAS,** a plaintiff may "invoke alter ego jurisdiction against 'nonresident corporations upon a finding that either the 'dominant' or 'subservient' corporation does business' within the forum.'" *In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 570 (M.D. Pa. 2009). "A court may exercise general jurisdiction over a foreign corporation if it possesses jurisdiction over a parent or subsidiary and the two companies operate de facto as a single, organic entity." *Id.* To determine the applicability of alter ego jurisdiction courts look at, *inter alia*, whether one company 1) "owns all or a significant majority" of another company's stock, 2) whether there

is a "commonality of officers or directors between the two corporations," 3) if "corporate family members share employees," 4) whether the companies "exchange or share managerial or supervisory personnel," and 5) whether one company "exercises control or provides instruction to the subsidiary's officers and directors." *Id*. Courts may consider all relevant evidence and "no single factor is dispositive." *Id*; and

**WHEREAS**, Plaintiff alleges that Defendant Shenzhenshiyiquanmaoyiyouxiangongsi is one of the "FoSala Defendants," which Defendant Shenzhen FoSala Technology Co., Ltd. ("FoSala Tech") allegedly owns and operates. (Am. Compl. ¶¶ 3-4.) Plaintiff further alleges that Defendant Shenzhenshiyiquanmaoyiyouxiangongsi is the registered Amazon seller "F-Summer" and that it sold the accused products through that seller account. (*Id*. ¶ 43.) In addition, Plaintiff alleges that the "FoSala Defendants" operate interactive e-commerce stores, offer shipping to New Jersey, sell accused products to New Jersey residents, solicit online reviews from New Jersey customers, accept returns from New Jersey customers, and operate Amazon and Walmart storefronts selling the accused products. (*Id*. ¶¶ 11-12, 21.)

Plaintiff further alleges that Defendant FoSala Tech owns and operates the "FoSala Defendants," Defendant Song controls and operates the "FoSala Defendants," and that Defendant Song admitted that certain Amazon sellers were "his companies." Additionally, Plaintiff alleges that the "FoSala Defendants" sold identical products through multiple seller aliases which shared product listings and ASINs. (*Id*. ¶¶ 4, 7, 31, 42-43.) These allegations suggest the possibility that the "FoSala Defendants" operate as part of a coordinated enterprise and may not observe meaningful distinctions in their marketplace operations.

While the Court does not determine at this stage whether Plaintiff can ultimately establish personal jurisdiction over Defendant Shenzhenshiyiquanmaoyiyouxiangongsi, the allegations

described above assert both direct contacts with the forum and facts supporting a potential alter-ego or common-enterprise theory. Construing those allegations in Plaintiff's favor, Plaintiff has alleged facts suggesting with reasonable particularity the possibility that Defendant Shenzhenshiyiquanmaoyiyouxiangongsi has sufficient contacts with New Jersey, either directly or through its relationship with Defendant FoSala Tech and the other "FoSala Defendants." Under the standards articulated in *Toys "R" Us*, *Metcalfe*, and *Compagnie Des Bauxites*, those allegations are sufficient to warrant jurisdictional discovery as to Defendant Shenzhenshiyiquanmaoyiyouxiangongsi; and

**WHEREAS**, Plaintiff alleges that Defendant Song operates Defendant FoSala Tech, controls and operates the "FoSala Defendants" and Defendant Youyu, acknowledged that certain Amazon sellers were "his companies," and created additional companies that sold the same accused products through different seller aliases. (Am. Compl. ¶¶ 5, 7, 31, 42.) Plaintiff further alleges that Defendant Song created Defendant Youyu during the pendency of this litigation, that Defendant Youyu holds all of the equity of Defendant FoSala Tech, and that Defendant Youyu was created to facilitate the alleged infringement and shield assets from liability. (Id. ¶ 6.) Additionally, Plaintiff alleges that Defendant Song personally participated in discussions concerning licensing agreements related to the accused products. (*Id.* ¶¶ 31, 36, 39.).

Although ownership or control of a corporation, standing alone, is insufficient to establish personal jurisdiction over Defendant Song, the allegations described above suggest the possibility that Defendant Song exercised such control over the corporate defendants that their forum contacts may be attributable to him, or that discovery may reveal facts supporting a veil-piercing, agency, or related jurisdictional theory. Accordingly, Plaintiff has made the requisite *prima facie* showing to obtain jurisdictional discovery as to Defendant Song; and

**WHEREAS**, the Amended Complaint alleges that Defendant Youyu "holds all of the equity of [Defendant] FoSala [Tech]" and was "created by [Defendant] Song during this active litigation, to facilitate the infringement and provide a shield from financial liability." (Am. Compl. ¶ 6). Plaintiff further alleges that Defendant Song controls and operates both Defendant Youyu and Defendant FoSala Tech. (*Id.* at ¶ 7).

Construing the allegations in Plaintiff's favor, the allegation that Defendant Youyu owns all of Defendant FoSala Tech's equity directly implicates one of the factors courts consider when evaluating alter-ego jurisdiction. *See In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d at 570. While the Court does not conclude on the present record that Defendant Youyu and Defendant FoSala Tech operate as alter egos for purposes of personal jurisdiction, the allegations described above suggest with reasonable particularity the possibility that discovery may reveal facts bearing on that issue, including the ownership structure, management, operations, and degree of control exercised among Defendant Youyu, Defendant FoSala Tech, and Defendant Song. Accordingly, Plaintiff has alleged sufficient facts to warrant jurisdictional discovery as to Defendant Youyu.

**ACCORDINGLY**, for the reasons articulated above,

**IT IS** hereby on this ___ day of **June 2026, ORDERED**:

A.    Oral argument, which is scheduled for June 24, 2026, is **ADJOURNED**.

B.    Plaintiff's request for expedited jurisdictional discovery as to the moving Defendants is **GRANTED**.

C.    Under the supervision of the Magistrate Judge, the parties shall exchange jurisdictional discovery within thirty (30) days. Such discovery is limited to Defendants' purposeful contacts with New Jersey and whether Plaintiff's claims arise out of or relate to Defendants' contacts, and, where relevant, facts bearing on

alter-ego, agency, ownership, management, and control relationships among the moving Defendants and FoSala Tech.

**D.**    On or before **August 3, 2026**, the parties shall each file supplemental papers, limited to five (5) pages and supporting exhibits, that set forth their arguments as to whether this Court has personal jurisdiction over the moving Defendants.

**E.**    All pending Motions to Dismiss (ECF Nos. 60, 61, 62, & 63) are **ADMINISTRATIVELY TERMINATED** pending the Court's determination as to personal jurisdiction.

**F.**    The Motion for Preliminary Injunction (ECF No. 7) is **ADMINISTRATIVELY TERMINATED** pending the Court's determination as to personal jurisdiction.

KAREN M. WILLIAMS
United States District Judge

9